United States District Court
Southern District of Texas
**ENTERED**
February 03, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANDREW BURKE, Inmate #00242515, § § § *Plaintiff*, § § vs. § § MIKE DIAZ, § § *Defendant*. § § § | CIVIL ACTION NO. H-23-332 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Andrew Burke (SPN #00242515), is a pretrial detainee in the custody of the Fort Bend County Jail. He has filed a civil rights complaint under 42 U.S.C. § 1983 based on allegations that his appointed defense counsel, Mike Diaz, Esq., is violating his rights in his pending criminal proceedings. (Dkt. 1).

Because Burke is a prisoner seeking relief from the government, the Court is required to screen his complaint as soon as feasible after docketing. 28 U.S.C. § 1915A(a); *see also* 42 U.S.C. § 1997e(c) (providing for screening of suits by prisoners under § 1983). "As part of this review, the district court is authorized to dismiss a complaint if the action 'is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Fleming v. United States*, 538 F. App'x 423, 425 (5th Cir. 2013) (per curiam) (quoting 28 U.S.C. § 1915A(b)(1)). A complaint

is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Samford v. Dretke,* 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). Having conducted this required screening of Burke's complaint, the Court dismisses this action for the reasons explained below.

## I.   BACKGROUND

Publicly available records show that Burke is currently in jail on multiple serious criminal charges. *See* www.fortbendcountytx.gov (last visited Feb. 1, 2023). On January 30, 2023, he filed a "Prisoner's Civil Rights Complaint," identifying Attorney Diaz as the only defendant. (Dkt. 1, p. 3). Burke alleges that Diaz, who is court-appointed stand-by counsel in his pending criminal cases, is revealing privileged communications from Burke to his family members and is refusing to accept calls from Burke on his cell phone. (*Id.* at 4). Burke also alleges that Diaz's office has blocked jail calls, so he has no way to reach Diaz. (*Id.*). Burke asks the Court to order the state-court judge presiding over Burke's criminal cases to terminate Diaz as counsel and to appoint new counsel to assist Burke. (*Id.*). He also seeks $500,000 in monetary damages. (*Id.*).

2

## II. DISCUSSION

Burke seeks relief under § 1983 for Diaz's alleged violation of his due process rights. (Dkt. 1, p. 4). But Burke's allegations, even taken as true, do not state a claim for relief under § 1983.

"Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam).

As pertinent to this second element, only persons acting on behalf of the state can act "under color of state law." *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985). Therefore, claims against a private party are generally not cognizable under § 1983.[1] *See Lugar v. Edmonson Oil Co.,* 457

---

[1] Limited exceptions to this general rule exist when the plaintiff can show that the private actor was implementing an official government policy or when the private actor's actions are fairly attributable to the government. *See Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 312 (5th Cir. 2011). A private party who conspires with state actors to deprive

3

U.S. 922, 940 (1982) (a complaint challenging only private action does not state a cause of action under § 1983); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) ("'[P]rivate conduct, no matter how discriminatory or wrongful' is excluded from § 1983's reach." (quoting *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 335 F.3d 345, 352 (5th Cir. 2003))). And a private attorney, even one appointed by the court to represent a criminal defendant, does not act under color of state law when performing a lawyer's traditional functions because he or she is acting on behalf of the defendant rather than on behalf of the state. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 318, 324-25 (1981); *Mills v. Crim. Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) (per curiam) (holding that § 1983 "does not take cognizance of malpractice-type claims against court-appointed counsel" because counsel represents the client rather than the state); *Hernandez-Hernandez v. Fagerberg*, 392 F. App'x 271, 272 (5th Cir. 2010) (per curiam) (holding that there is no § 1983 liability for defense counsel in a criminal proceeding because a defense attorney is

---

another of his constitutional rights may also be considered a state actor. *See Priester v. Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004). Burke's complaint does not allege facts showing that any of these exceptions apply to his case.

not acting under color of state law).

Because Diaz is not acting "under color of state law" in representing Burke, Burke's claim against him under § 1983 lacks an arguable basis in law. This action is dismissed under 28 U.S.C. § 1915A(b)(1) as frivolous.

### III. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Burke's civil rights complaint, (Dkt. 1), is **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b).

2. All pending motions are **DENIED** as moot.

3. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk shall also send a copy of this dismissal to the Three-Strikes List Manager at the following email: **Three_Strikes@txs.uscourts.gov**.

SIGNED at Houston, Texas on ___Feb 2___, 2023.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE

5